<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSUE SALDANA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP<br><br>Defendant. | Case No. 2:20-CV-01879-BRM-ESK<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendant Resurgent Capital Services, LP ("Defendant") seeking to dismiss Plaintiff Josue Saldana's[1] ("Plaintiff) putative class action Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4- 1.) Plaintiff filed an opposition to the Motion to Dismiss (ECF No. 7) and Defendant filed a reply. (ECF No. 8.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendant's Motion to Dismiss is **GRANTED.**

**I.   BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v.*

---

[1] Both parties have inadvertently referred to Plaintiff "Josue Saldana" as "Josue Santana" in their papers. (*See* ECF Nos. 1, 4.)

*Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter arises out of Defendant's attempt to collect a debt, which Plaintiff alleges violates the Fair Debt Collection Practices Act, 91 Stat. 874, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (*See generally* ECF No. 1.) Plaintiff is a resident of Sussex County, New Jersey (*id.* ¶ 5), and Defendant is a South Carolina Limited Partnership with a principal place of business in Richland County, South Carolina (*id.* ¶ 8). Plaintiff contends he is a consumer and Defendant is a debt collector, as defined by the FDCPA.[2] (*Id.* ¶¶ 7, 9–13). Some time prior to October 8, 2019, Plaintiff allegedly incurred the underlying debt from Comenity Capital Bank ("Comenity") which was then placed with Defendant for debt collection purposes. (ECF No. 1 ¶ 8, 18–19; *see also* Compl. Ex. 1 (the "Letter") (ECF No. 1-1).) On or about October 8, 2019, Defendant mailed the Letter to Plaintiff in connection with the debt. (ECF No. 1 ¶¶ 20–21; *see* ECF No. 1-1).) The Letter was the initial written communication Plaintiff received from Defendant regarding he alleged debt. (ECF No. ¶ 23.) Plaintiff alleges the Letter violated the FDCPA by failing to accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt. (*Id.* ¶¶ 30– 32.) Further, the Letter which claims Plaintiff owes $518.95 is inaccurate as Plaintiff does not owe $518.95 and does not owe any money at all to LVNV Funding, LLC ("LVNV"), the entity on whose behalf Defendant was seeking to collect the debt. (*Id.* ¶¶ 33–35.)

---

[2] "Consumer" as defined in the FDCPA means a "natural person obligated or allegedly obligated to pay a debt." *See* § 1692a(3). "Debt collector" as defined in the FDCPA means one "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* § 1692a(6).

The Letter mailed to Plaintiff states:

> Dear Josue Saldana,
>
> Resurgent Capital Services, L.P. manages the above-referenced account for LVNV Funding, LLC and has initiated a review of the inquiry we recently received.
>
> For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.
>
> Sincerely,
> Customer Service Department
> Resurgent Capital Services, L.P.
>
> **Please read the following important notices as they may affect your rights.**
>
> Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, we will assume this debt is valid. If you notify us in writing, within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment, and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

(ECF No. 1-1.)

The Letter also contained a black bolded box in the top right-hand corner of the Letter, which reads:

> Original Creditor: Comenity Capital Bank
>
> Current Owner: LVNV Funding LLC
>
> Balance: $518.95

3

(*Id.*)

Based on this written communication, on February 21, 2020, Plaintiff filed the Complaint alleging Defendant violated: (1) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of the debt; and (2) 15 U.S.C. § 1692g by seeking to collect a debt Plaintiff did not owe on behalf of an entity to whom Plaintiff did not owe a debt. (ECF No. 1 at 3–9.) Specifically, Plaintiff contends the Letter does not comply with § 1692g(a)(1) because it does not accurately state the amount of any debt allegedly owed (Count 1); the Letter violates § 1692e because it falsely suggests the amount stated is the amount owed (Count 2); the Letter does not comply with the mandates of § 1692g(a)(2) because it fails to identify the creditor to whom the alleged debt is purportedly owed (Count 3); and the Letter falsely suggests Plaintiff is indebted to LVNV in violation of § 1692e (Count 4). (*See id.*) Plaintiff brings this action against Defendant on behalf of himself and all New Jersey consumers who were sent similar collection letters by Defendant. (*See* ECF No. 1 at 1, 13.)

On March 17, 2020, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4-1.) On April 6, 2020, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (ECF No. 7.) Plaintiff, in the Opposition to Defendant's Motion to Dismiss, elected to withdraw Count Five and proceed on his remaining claims. (*See* ECF No. 7 at 15.) The Court deems Count Five withdrawn and dismissed with prejudice and addresses the remaining claims (Counts One through Four).

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of*

*Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

5

'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

## III. DECISION

The purpose of the FDCPA is "to eliminate abusive, deceptive and unfair debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse." 15 U.S.C. § 1692(e); *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015). "The right congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance." *Blaha v. First Nat'l Collection Bureau*, No. 16-2791, 2016 U.S. Dist. LEXIS 157575, at *23 (D.N.J. Nov. 10, 2016). Relevant to this matter, the FDCPA requires within five days of the initial communication with a consumer in connection with the collection of a debt, debt collectors must provide the consumer with written notice containing certain information regarding the debt. 15

U.S.C. § 1692g. Moreover, the FDCPA prohibits the use of any "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

"Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). Accordingly, communications from lender to debtor are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* at 453 (citation omitted).

The "least sophisticated debtor" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (citation omitted). "Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

To succeed on an FDCPA claim, a plaintiff must establish: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015); *see also Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018). Defendant concedes the first three elements of

the FDCPA claims are met, therefore, the only issue before the Court is whether Defendant violated any provisions of the FDCPA during collection.

### A.   § 1692g

Plaintiff contends the Letter violates §§ 1692g(a)(1) and (2) because the Letter does not accurately state the amount of any debt allegedly owed and fails to identify the creditor to whom the alleged debt is purportedly owed. (ECF No. 7 at 11–14.) Defendant argues the Letter, which identified the amount of the debt owed to the current creditor, as required by §§ 1692g(a)(1) and (2), is not a violation of the FDCPA. (ECF No. 4-1 at 6–7.) The Court agrees.

The relevant FDCPA subsections provide:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed; . . . .

15 U.S.C. §§ 1692(g)(a)(1), (2).[3]

---

[3] Section 1692(g)(a) provides in full:

> Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of

Section 1692g(a)(1) requires a debt collector send a consumer a written notice containing "the amount of the debt" either in the initial communication with the consumer or within five days after the initial communication. *Rivera v. Ralph F. Casale & Assocs., LLC*, No. CIV. 13-587 KM, 2014 WL 2571555, at *4 (D.N.J. June 9, 2014). Plaintiff acknowledges the Letter was the initial written communication Plaintiff received from Defendant concerning the alleged debt. (ECF No. 1 ¶ 23.) Plaintiff, however, does not allege anywhere in the Complaint the initial communication failed to convey the amount of the debt owed. The Letter clearly provides Plaintiff with notice of the amount of the debt owed. (*See* ECF No. 1-1) (providing the balance of the debt is "$518.95").

Section 1692g(a)(2) requires, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing . . . (2) the name of the creditor to whom the debt is owed." Critically, the statute only requires the disclosure of the name of the *current creditor*. This is evidenced by the fact the statute requires debt collectors to furnish "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *Wong v. Phelan Hallinan & Diamond, PC*, No. 14-cv-03252-ES, 2015 WL 3938605, at *2 (D.N.J. June 25, 2015). Here, the Letter not only identified the current creditor, LVNV, but the original creditor, Comenity, as well. (*See* ECF No. 1-1.) Read in its entirety, the Letter unambiguously identifies the current

---

        such verification or judgment will be mailed to the consumer by the debt collector; and
        (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692(g)(a).

creditor by name and provides Plaintiff with his account number and the amount of the debt allegedly owed. This is more than sufficient to satisfy § 1692g(a)(1)-(2). *See, e.g.*, *Macelus v. Capital Collection Serv.*, No. 17-cv-02025-RBK-JS, 2017 WL 5157389, at *3 (D.N.J. Nov. 7, 2017) (holding that a letter containing the name of the creditor and the amount owed did not violate the FDCPA); *Molina v. AR Res., Inc.*, No. 17-cv-006573-SDW-SCM, 2018 WL 1027449, at *2 (D.N.J. Feb. 22, 2018) (providing that where the collection letter identified the current creditor by name and provided plaintiff with her account number and the amount of the debt allegedly owed, the court would not find an FDCPA violation); *Davis v. Lyons, Doughty & Veldhuis, P.A.*, 855 F. Supp. 2d 279, 284 (D. Del. 2012) (holding there was no violation of the FDCPA where defendants clearly stated the name of the current creditor in the debt collection letter); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 352 (3d Cir. 2000) (affirming dismissal where the collection letter clearly identified the name of the creditor, balance due, and the client account number).

Accordingly, for the reasons stated above, the Court concludes Plaintiff failed to sufficiently state a claim of relief under 15 U.S.C. § 1692g(a)(1)–(2).

### B. § 1692e

Plaintiff alleges Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) by using unfair or unconscionable means to collect or attempt to collect the debt. (ECF No. 7 at 11–14.) Defendant argues the Complaint fails to allege how Defendant engaged in collection efforts that amounted to false, deceptive, or misleading statements in violation of §§ 1692e, 1692e(2)(A), and 1692e(10). (ECF No. 4-1 at 7–9.) The Court agrees.

Section 1692e mandates a "debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." Section 1692e(2)(A) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt."

Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455 (internal quotation marks and citations omitted).

The Letter did not violate § 1692e for the same reasons it did not violate § 1692g. The Letter unambiguously conveys the amount of the debt and the name of the current creditor, LVNV. Plaintiff's contention he "does not know who or what LVNV Funding is, and is not indebted in any way to such entity" (ECF No. 7 at 6), does not render Defendant's debt collection efforts "false," "deceptive," or "misleading." Plaintiff has not demonstrated how the Letter failed to effectively communicate or mislead him to the identity of the current creditor. Indeed, the only factual basis for Plaintiff's challenged claim is the Letter did not explain how LVNV received the account and whether it purchased or had been assigned the debt from Comenity. The Complaint, however, does not cite any language in the Letter or otherwise provide any factual basis for its allegations Defendant misled Plaintiff as to the identity of the current creditor. *See Sosa v. Client Servs., Inc.*, No. 11-cv-03021 WHW, 2011 WL 5599937, at *3 (D.N.J. Nov. 16, 2011); *see Guevara v. Client Servs., Inc.*, No. 11–cv–3736, 2011 WL 5082251, at *3 (D.N.J. Oct. 26, 2011) (dismissing claim that initial notice letter was misleading based only on allegations it did not include the account number and an explanation of debt collector's relationship to the debt).

Any remaining allegations supporting Plaintiff's claim that Defendant failed to effectively identify the current creditor amount to little more than threadbare legal conclusions. To state a valid claim, Plaintiff "will need to provide more specific allegations as to why the letter did not effectively communicate the true identity of the current creditor or why the least sophisticated debtor would otherwise be misled by the challenged letter." *Sosa*, 2011 WL 5599937, at *4. Based

on the allegations in the Complaint, the Court finds the Letter is not a "false representation" or "deceptive" in violation of § 1692e. *See Dotson v. Nationwide Credit, Inc.*, No. 19-cv-03695, 2020 WL 5757994, at *2 (3d Cir. Sept. 28, 2020). Plaintiff, therefore, has failed to state a claim as to § 1692e. *See Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 571 (D.N.J. 2012) (citing *Wilson*, 225 F.3d at 354).[4]

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss Counts One through Four of the Complaint is **GRANTED**.

### IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**, Counts One through Four are **DISMISSED WITHOUT PREJUDICE**, and Count Five is deemed **WITHDRAWN** and is **DISMISSED WITH PREJUDICE.** An appropriate order follows.


Dated: October 30, 2020

                                           */s/ Brian R. Martinotti*
                                           **BRIAN R. MARTINOTTI**
                                           **UNITED STATES DISTRICT JUDGE**

---

[4] The Court also notes because Plaintiff's § 1692g claim fails, correspondingly, his § 1692e claim also fails. "When allegations under 15 U.S.C. § 1692e are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Gottesman v. Virtuoso Souring Grp., LLC*, 400 F. Supp. 3d 81, 91 (D.N.J. 2019); *Reynolds v. Encore Receivable Mgmt.*, No. 17-2207, 2018 WL 2278105, at *6, 2018 U.S. Dist. LEXIS 83902, at *16–17 (D.N.J. May 18, 2018) ("Because Plaintiff's claim under Section 1692e is based on the same allegations as her claim under Section 1692g, the foregoing analysis as to Section 1692g is dispositive."); *Mayo v. Diversified Consultants, Inc.*, No. 19-cv-5235-MAS-DEA, 2019 WL 5624221, at *5 (D.N.J. Oct. 31, 2019).