<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSUE SALDANA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP,<br><br>Defendant. | Case No. 2:20-cv-01879 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss (ECF No. 12) filed by Defendant Resurgent Capital Services, LP ("Defendant") seeking to dismiss with prejudice Plaintiff Josue Saldana's[1] ("Plaintiff") putative class action Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. (ECF No. 16.) Pursuant to Federal Rule of Civil Procedure 78(a), this Court heard oral argument on July 29, 2021. For the reasons set forth herein and for good cause shown, Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED in part and DENIED in part**.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers

---

[1] The parties have referred to Plaintiff as both "Josue Saldana" and "Josue Santana" in their papers (*see* ECF Nos. 11, 12). For purposes of consistency the Court refers to Plaintiff as "Josue Saldana."

any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

The Court assumes the parties' familiarity with the factual and procedural history of this matter and therefore, only includes the facts and procedural history necessary to decide the instant motion.[2] On November 20, 2020, Plaintiff filed an Amended Complaint against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") following Defendant's attempt to collect a debt. (ECF No. 11.) Plaintiff is a resident of Sussex County, New Jersey (*id.* ¶ 5), and Defendant is a South Carolina Limited Partnership with a principal place of business in Richland County, South Carolina (*id.* ¶ 8). Plaintiff contends he is a consumer and Defendant is a debt collector, as defined by the FDCPA. (*Id.* ¶¶ 7, 9–13.)

Some time prior to October 8, 2019, Plaintiff allegedly incurred the underlying debt from Comenity Capital Bank ("Comenity") as it related to a PayPal account, used by Plaintiff for personal purposes only, which was then placed with Defendant for debt collection purposes. (ECF No. 11 ¶ 8, 16–18; *see also* Am. Compl. Ex. 1 (the "Letter") (ECF No. 11-1).) On or about October 8, 2019, Defendant mailed the Letter to Plaintiff in connection with the debt. (ECF No. 11 ¶¶ 20–21; *see* ECF No. 11-1.) The Letter was the initial written communication Plaintiff received from Defendant regarding the alleged debt. (ECF No. 11 ¶¶ 23–24.) Plaintiff alleges the Letter violated the FDCPA by failing to accurately convey, from the perspective of the least sophisticated consumer, the correct amount of the debt. (*Id.* ¶¶ 44–46.) Indeed, Plaintiff asserts

---

[2] Further, the Court refers the reader to this Court's previous Opinion dated October 30, 2020 which granted Defendant's motion to dismiss for any additional factual and procedural background. *See Saldana v. Resurgent Cap. Servs., LP*, Civ. A. No. 20-1879, 2020 WL 6375792 (D.N.J. Oct. 30, 2020).

the Letter, which claims Plaintiff owes $518.95, is inaccurate as Plaintiff does not owe $518.95[3]

and does not owe any money at all to LVNV Funding, LLC ("LVNV"), the entity on whose

behalf Defendant is seeking to collect the debt. (*Id.* ¶¶ 33–35.) The Letter mailed to Plaintiff

states:

> October 8, 2019
>
> Dear Josue Saldana,
>
> Resurgent Capital Services, L.P. manages the above-referenced account for LVNV Funding, LLC and has initiated a review of the inquiry we recently received.
>
> For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.
>
> Sincerely,
>
> Customer Service Department
> Resurgent Capital Services, L.P.
>
> **Please read the following important notices as they may affect your rights.**
>
> Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, we will assume this debt is valid. If you notify us in writing, within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment, and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

(ECF No. 11-1.)

---

[3] Plaintiff contends, "As of the date that the Letter was sent, Plaintiff owed approximately $400.00." (*Id.* ¶ 45.)

The Letter also contained a black, bolded box in the top right-hand corner of the Letter, which reads:

| **Original Creditor: Comenity Capital Bank**<br>**Current Owner: LVNV Funding LLC**<br>**Balance: $518.95** |
|:---:|

(*Id.*)

Based on this written communication, on November 20, 2020, Plaintiff filed the Amended Complaint alleging Defendant violated: (1) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of the debt; and (2) 15 U.S.C. § 1692g by seeking to collect a debt Plaintiff did not owe on behalf of an entity to whom Plaintiff did not owe a debt. (ECF No. 11 ¶¶ 14–49.) Specifically, Plaintiff contends: the Letter does not comply with § 1692g(a)(1) because it does not accurately state the amount of the debt allegedly owed (Count 1); the Letter violates §§ 1692e, 1692e(2)(A), and 1692e(10) because it falsely suggests the amount stated is the amount owed and because Plaintiff did not owe any money at all to LVNV on whose behalf Defendant was seeking to collect a debt (Count 2); the Letter does not comply with the mandates of § 1692g(a)(2) because it fails to identify the creditor to whom the alleged debt is purportedly owed (Count 3);[4] and the Letter falsely suggests Plaintiff is indebted to LVNV in violation of §§ 1692e, 1692e(2)(A), and 1692e(10) (Count 4). (*See id.*) Plaintiff brings this action against Defendant on behalf of himself and all New Jersey consumers who were sent similar collection letters by Defendant. (*See* ECF No. 11 ¶¶ 14854.)

---

[4] Specifically, Plaintiff contends, "Defendant's statement that LVNV Funding LLC is 'the name of the creditor to whom the debit is owed,' when LVNV Funding LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2)." (*Id.* ¶ 107.)

On December 4, 2020, Defendant filed a Motion to Dismiss the Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) On January 4, 2021, Plaintiff filed an opposition brief. (ECF No. 16.) On January 11, 2021, Defendant filed a reply brief. (ECF No. 17.) On July 28, 2021, Defendant filed a Notice of New Supporting Authority citing two Eastern District of New York ("E.D.N.Y.") cases ("Supplemental Authority Letter"). (ECF No. 23.) On July 29, 2021, this Court held oral argument. On August 4, 2021, Plaintiff filed a response to the Supplemental Authority Letter. (ECF No 26.)[5]

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

---

[5] At the oral argument, the Court gave Plaintiff five (5) days to respond to the Supplemental Authority Letter. (*See* ECF No. 25.)

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-harmed-me accusation" must be pled; it must include "further factual enhancement[s]" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor are they compelled to accept "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [into one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document

*integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

**III.    DECISION**

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015). "The right Congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance." *Blaha v. First Nat'l Collection Bureau, Inc.*, Civ. A. No. 16-2791, 2016 WL 11733536, at *8 (D.N.J. Nov. 10, 2016). In relevant part, the FDCPA requires debt collectors to provide the consumer with written notice containing certain information regarding the debt within five days of the initial communication with a consumer in connection with the debt's collection. 15 U.S.C. § 1692g. Moreover, the FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

"Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). Accordingly, communications from lender to debtor are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* at 453 (citation omitted).

The "least sophisticated debtor" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (citation omitted). "Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

To succeed on an FDCPA claim, a plaintiff must establish: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015); *see also Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018). Defendant concedes the first three elements of the FDCPA claims are met. (*See* ECF No. 12-1 at 13–19.) Therefore, the only issue before the Court is whether Defendant violated any provisions of the FDCPA during collection.

**A. Section 1692g(a)(1)**

Section 1692g(a)(1) requires a debt collector to send a consumer a written notice containing "the amount of the debt" either in the initial communication with the consumer or within five days after the initial communication. Here, Plaintiff acknowledges the Letter was the initial written communication Plaintiff received from Defendant concerning the alleged debt. (ECF No. 11 ¶ 23.) While Plaintiff does not dispute the Letter provided Plaintiff with notice of *an* amount of the debt owed, Plaintiff disputes he owed the amount of $518.95 as indicated in the Letter. (*Id.* ¶¶ 56–57, "Plaintiff did not owe $518.95. To the extent that Plaintiff owed any

monies at all in connection with his PayPal account, such amount was no more than $400.00.")
Defendant argues (1) Plaintiff's claim is time-barred; and (2) Plaintiff fails to assert a cognizable
claim under § 1692g(a)(1). (*See* ECF No. 12-1 at 13–14, 17.)

The Court first turns to Defendant's argument that Plaintiff's § 1692g(a)(1) claim is time-
barred by the one-year statute of limitations under 15 U.S.C. § 1692k(d).[6] According to
Defendant, "Plaintiff's newly asserted claim that the debt incurred with Comenity was
'approximately $400,' which is distinct from his previous claim that he did not owe 'any money
at all' to LNVN[,] is barred by the statute of limitations." (ECF No. 12-1 at 17.)

For FDCPA claims based on § 1692g, the statute of limitations begins to run at the point
of initial communication. *See Peterson v. Portfolio Recovery Assocs., LLC*, 430 F. App'x 112,
115 (3d Cir. 2011); *see also Martin v. Fein Such Kahn & Shepard, P.C.*, Civ. A. No. 14-3837,
2017 WL 2958501, at *4 (D.N.J. July 11, 2017). Here, the parties do not dispute the initial
communication took place on or about October 8, 2019 (the date of the Letter).[7] (*See* ECF No.
12-1 at 5; ECF No. 16 at 12.) Contrary to Defendant's argument, Plaintiff's allegation is not a
new theory as the Court construes his pleadings in the original Complaint, dated February 20,
2020, to show he alleged that the amount of the debt listed in the Letter was inaccurate. (*See* ECF

---

[6] An action under the FDCPA must be brought "within one year from the date on which the
violation occurs." *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 338 (D.N.J. 2009)
(quoting 15 U.S.C. § 1692k(d)).

[7] Despite conflicting interpretations in other circuits, district courts in this circuit have found that
"[t]he Statute of Limitations begins to run at the time of the alleged action–not when the Plaintiff
receives notice." *See, e.g.*, *Harris v. NCO Fin. Sys.*, Civ. A. No. 07-5546, 2009 WL 497409, at
*1 n. 3 (E.D. Pa. Feb. 26, 2009) (citing *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261
(8th Cir. 1992) (holding that mailing of a collection letter by a debt collector sufficed to trigger
the statute, because "the date of mailing is a date which [] is easy to determine, ascertainable by
both parties, and may be easily applied"); *Mogavero v. Seterus, Inc.*, Civ. A. No. 15-1314, 2015
WL 3505521, at *4 (D.N.J. June 3, 2015); *Guevara v. Client Servs., Inc.*, Civ. A. No. 11–3736,
2011 WL 5082251, at *2 (D.N.J. Oct. 26, 2011).

No. 1 ¶¶ 34, 51, "Plaintiff did not owe $518.95.") As such, construing the factual allegations in the original Complaint in the light most favorable to Plaintiff, as this Court must, the Court finds Plaintiff raised the debt amount issue in the original Complaint and therefore, any allegation in the Amended Complaint concerning an issue with the debt amount is not considered time-barred. *Cf. McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 247 n.10 (3d Cir. 2014) (providing that plaintiff did not posit "a new theory as his pleadings show he alleged that the amount of the debt listed in the Letter was inaccurate. *See* App. 63 (First Amended Complaint alleging the Letter 'misstated the amount of the debt' and gave 'a false impression of the amount of the alleged debt'")); *see United States v. Thomas*, 221 F.3d 430, 437 n.3 (3d Cir. 2000) (noting that amended and supplemental pleadings are permitted when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading").

Next the Court turns to the merits of Plaintiff's claim. According to Plaintiff, "[t]o comply with 15 U.S.C. § 1692g(a)(1), a statement of 'the amount of the debt' must *accurately convey* . . . the actual amount of the debt." (ECF No. 11 ¶ 53 (emphasis added).) This "accurately convey" requirement is not evident in the statute's plain language. *See* 15 U.S.C. § 1692g(a)(1). Further, Plaintiff offers no legal authority for this alleged requirement, so the Court need not consider Plaintiff's argument on the accuracy of debt amount. *See Hilburn v. New Jersey Dep't of Corr.*, Civ. A. No. 7-6064, 2012 WL 3133890, at *29 (D.N.J. July 31, 2012) ("The absence of authority is fatal to [Plaintiff's] argument."). In any case, as this Court already determined in its prior Opinion, "[r]ead in its entirety, the Letter unambiguously identifies the current creditor by name and provides Plaintiff with his account number and the amount of the *debt allegedly owed*. This is more than sufficient to satisfy § 1692g(a)(1)-(2)." *Saldana v. Resurgent Capital Servs.,*

*LP*, Civ. A. No. 20-1879, 2020 WL 6375792, at *5 (D.N.J. Oct. 30, 2020) (emphasis added).[8] To be sure, this provision of the statute is a notice provision, which is satisfied here because the Letter unambiguously conveys notice as to the amount of the debt allegedly owed. *See Dibattista v. Buckalew, Frizell & Crevina, LLP*, 574 F. App'x 107, 109 (3d Cir. 2014) (recognizing that § 1692g(a)(1) "requir[es] notice as to the amount of the debt owed").

Accordingly, for the reasons set forth above, Plaintiff's § 1692g(a)(1) claim against Defendant is dismissed with prejudice.

**B.  Section 1692g(a)(2)**

Section 1692g(a)(2) requires, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing . . . (2) the name of the creditor to whom the debt is owed."

A central focus of Plaintiff's Amended Complaint is that "[a]t no time prior to Plaintiff's receipt of the Letter did Plaintiff receive any communication from LVNV Funding, LLC advising him that the alleged Debt had purportedly been assigned to it." (ECF No. 11 ¶ 34.) Indeed, according to Plaintiff, Plaintiff "has no relationship with LVNV," LVNV "never offered to extend credit to Plaintiff," and Plaintiff "was never indebted to LVNV." (*Id.* ¶¶ 37–38, 42.) As a result, Plaintiff asserts "Plaintiff did not owe any monies of any kind to LVNV." (*Id.* ¶ 46.)

In essence, Plaintiff asserts the Letter violated 15 U.S.C. § 1692g(a)(2) because Plaintiff was unfamiliar with the current owner of the debt (LVNV) identified in the Letter. However, under the text of § 1692g(a)(2), a debt collector is not specifically required to state in the written

---

[8] The Court discerns no reason to change this determination in the prior Opinion, especially in light of the law of the case doctrine, which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *Daramy v. Attorney Gen. of U.S.*, 365 F. App'x 351, 354 (3d Cir. 2010).

notice how the debt collector received the account that it is attempting to collect. Instead, the debt collector must simply identify the name of the creditor to whom the debt is currently owed. *See* 15 U.S.C. § 1692g(a)(2); *see also Rodriguez v. Certified Credit & Collection Bureau*, Civ. A. No. 19-1649, 2019 WL 4268062, at *3 (D.N.J. Sept. 9, 2019) (recognizing that § 1692g(a)(2) is a notice provision). Indeed,

> [s]ince the FDCPA does not require the debt collector to explain how it received the account and whether it had purchased or assigned the debt, this alone cannot be a basis for a violation. 15 U.S.C. § 1692g(a)(5) makes clear that the identity of the original creditor need not be communicated in the initial written notice. Requiring the defendant to explain in the initial letter how the current creditor acquired the debt from the unnamed original creditor would be inconsistent with this provision [of the FDCPA]. This district has been reluctant to find statutory notice misleading or insufficient solely because it does not include additional information not specifically required under 15 U.S.C. § 1692g(a).

*Sosa v. Client Servs., Inc.*, Civ. A. No. 11-03021, 2011 WL 5599937, at *4 (D.N.J. Nov. 16, 2011) (citing *Guevara v. Client Servs., Inc.*, Civ. A. No. 11-3736, 2011 WL 5082251, at *2 (D.N.J. Oct. 26, 2011)) (dismissing claim that initial notice letter was misleading based on allegation that it did not include the account number and an explanation of the debt collector's relationship to the debt).

Further, to the extent Plaintiff asserts he did not consent or ratify the assignment of the alleged debt from Comenity to LVNV, such a claim cannot be the basis for an FDCPA violation either. The FDCPA does not require that the consumer consent to the creditor's assignment of a debt to another party. *Frias v. MRS Assocs., Inc.*, Civ. A. No. 11-2816, 2011 WL 5599984, at *3–4 (D.N.J. Nov. 16, 2011).

In any event, Plaintiff would be hard-pressed to show the Letter did not effectively convey the transfer of debt from the original creditor to the current creditor. Indeed, the Letter

very clearly provides in a black, bolded box in the right-hand corner of the Letter, the name of the "original creditor" and the name of the "current owner" of the debt. (*See* ECF No. 11-1.) Here, Plaintiff is simply unable to demonstrate how the Letter failed to effectively communicate the "true identity of the current creditor or why the least sophisticated debtor would otherwise be misled by the challenged letter." *Sosa*, 2011 WL 5599937, at *4; *Molina v. AR Res., Inc.*, Civ. A. No. 17-6573, 2018 WL 1027449, at *1 (D.N.J. Feb. 22, 2018) (finding that collection letter which provided creditor's name, debtor's account number, and amount of debt owed to be "more than sufficient to satisfy § 1692g(a)(2)").[9]

Accordingly, Plaintiff's § 1692g(a)(2) claim against Defendant is dismissed with prejudice.[10]

---

[9] The Court has reviewed the Supplemental Authority Letter as well as Plaintiff's response. The Court has also reviewed the full transcripts from the two E.D.N.Y. cases cited in the Supplemental Authority Letter and notes the same law firms representing Plaintiff and Defendant here also represented the parties in the E.D.N.Y. cases. (*See* ECF Nos. 23-1; 23-2.) In *Danese v. Credit Control*, Civ. A. No. 21-00435, plaintiff filed a stipulation of dismissal following a pre-motion hearing to discuss defendants' proposed motion for summary judgment. At that pre-motion hearing, Judge Matsumoto made clear the collection letter which provided the name of the original creditor and current creditor did "not violate the FDCPA . . . [t]here's nothing misleading about it," and cautioned plaintiff's counsel to think about his "reputation" and "put the brakes on a little bit," before "peppering courts all over the Second Circuit with these types of lawsuits." (ECF No. 23-1 at 15–16.) In *Baumohl v. Frontline Asset Strategies*, Civ. A. No. 21-1037, Judge Cogan, at the pre-motion hearing held to discuss defendants' motion to dismiss, concluded there is nothing in the FDCPA that "requires the creditor to trace the pedigree of how he got the debt. The statute, by its plain language, requires a statement that I own the debt; and we have that here." (ECF No. 23-2 at 13.) To suggest otherwise would be "really dangerous" as it would be "judicially imposing requirements that Congress didn't." (*Id.* at 15.) Quite simply, the court refused to entertain "plaintiff's mere lack of knowledge as to who the [current creditor] is" as a plausible claim and granted the motion to dismiss with a written opinion to follow. (*Id.* at 15–16.) In sum, the two E.D.N.Y. cases support Defendant's position (and the Court agrees) that the Letter need not trace the pedigree of the debt and Plaintiff's mere lack of unfamiliarity with LVNV is an insufficient claim.

[10] The Court notes Plaintiff's citation to *Wong v. Phelan Hallinan & Diamond, PC*, Civ. A. No. 14-3252, 2015 WL 3938605, at *1 (D.N.J. June 25, 2015) and assertion that *Wong* "should be followed by this Court." (ECF No. 16 at 21.) In *Wong*, the court determined that the debt

### C.  Sections 1692(e), 1692e(2)(A), and 1692e(10)

Section 1692e mandates a "debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455 (internal quotation marks and citations omitted).

Here, Plaintiff alleges Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) by using unfair or unconscionable means to collect or attempt to collect the debt. (ECF No. 11 ¶¶ 61–85, 109–47.) Specifically, Plaintiff alleges: (1) because Defendant misstated the amount of the debt alleged in the Letter, Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10); and (2) because Defendant did not provide an explanation of its relationship to the debt, Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10). (ECF No. 11 ¶¶ 61–85, 109–47.) Defendant argues the Amended Complaint fails to allege how Defendant engaged in collection efforts that amounted to false, deceptive, or misleading statements in violation of §§ 1692e, 1692e(2)(A), and 1692e(10). (ECF No. 12-1 at 13–18.)

First, because Plaintiff alleges the debt amount is misstated, the Court finds the allegation, at this stage, sufficient to amount to a false representation under §§ 1692e, 1692e(2)(A), and 1692e(10). *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036

---

collector's failure to identify the name of the current creditor in the initial communication letter violated the FDCPA. 2015 WL 3938605, at *7. Here, the Letter clearly identifies the name of the original creditor as well as the current owner of the debt. (*See* ECF No. 11-1.)

14

(2019) (citing 15 U.S.C. § 1692e) ("Nor can debt collectors make false, deceptive, or misleading representations in connection with a debt, like misstating a debt's character, amount, or legal status."); *Matray v. DBF Collection Corp.*, Civ. A. No. 09-5859, 2011 WL 2417151, at *8 (D.N.J. June 13, 2011) (recognizing that an "initial letter's misstatement of the total amount due to constitute a false representation of the amount of the debt in violation of section 1692e") (citation omitted); *Yentin v. Michaels, Louis & Assocs., Inc.*, Civ. A. No. 11-0088, 2011 WL 4104675, at *17 (E.D. Pa. Sept. 15, 2011) (concluding that a plaintiff "may state a claim under § 1692e(2)(A) merely by alleging that a defendant debt collector misstated a material fact regarding the character, amount, or legal status of any debt in connection with the collection of that debt without averring any intent or awareness on the part of the defendant"); *see also Leib v. Thompson, Dunlap & Heydinger, Ltd.*, Civ. A. No. 17-243, 2019 U.S. Dist. LEXIS 14014, at *21 (S.D. Ohio Jan. 29, 2019) (citing 15 U.S.C. § 1692e(2)(A)) ("The plain language of the FDCPA explicitly prohibits a debt collector from falsely stating the amount of the debt.").

Second, the Court turns to Plaintiff's allegation that Defendant failed to explain its relationship to the debt. Here, the Letter unambiguously conveys the name of the current creditor, LVNV. Plaintiff's contention that he does not know who or what LVNV Funding is, and is not indebted in any way to such an entity (ECF No. 16 at 19), does not render Defendant's debt collection efforts "false," "deceptive," or "misleading." Plaintiff has not demonstrated how the Letter failed to effectively communicate or mislead him as to the identity of the current creditor. As previously explained, the FDCPA does not require the debt collector to explain how the current creditor acquired the debt from the original creditor and to hold otherwise would be inconsistent with the FDCPA. *See Qureshi v. OPS 9, LLC*, Civ. A. No. 14-1806, 2015 WL 6407883, at *5 (D.N.J. Oct. 21, 2015).

15

Accordingly, only Plaintiff's §§ 1692e, 1692e(2)(A), and 1692e(10) claims premised on Defendant's alleged misstatement of the amount of the alleged debt owed may move forward. Plaintiff's other claims based on Defendant's alleged failure to explain the transfer of the alleged debt and/or its relationship to the alleged debt are dismissed with prejudice.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**.[11] An appropriate order follows.[12]

Dated: August 25, 2021

/s/ Brian R. Martinotti
BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

---

[11] The Court notes "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Here, the Court previously dismissed Plaintiff's §§ 1692g(a)(1)–(2) and § 1692e claims without prejudice. *See Saldana*, 2020 WL 6375792, at *6. The Court finds dismissal with prejudice is proper here because it is unlikely Plaintiff can further amend his complaint to cure the deficiencies under §§ 1692g(a)(1)–(2) and § 1692e premised on the allegations that Defendant failed to explain the transfer of debt and/or its relationship to the debt. *Credico v. CEO Idaho Nat. Lab'y*, 461 F. App'x 78, 79 (3d Cir. 2012) (affirming district court's dismissal of plaintiff's complaint "without . . . leave to amend as any amendment would have been futile"); *Redmond v. Fresh Grocers Store*, 402 F. App'x 685, 686 (3d Cir. 2010) (same) *IpVenture Inc. v. Lenovo Grp. Ltd.*, Civ. A. No. 11-588, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (choosing to dismiss claims with prejudice after dismissing the same allegations without prejudice in an earlier action because it was "clear that [p]laintiff cannot satisfactorily amend its [c]omplaint").

[12] The Court refrains from making any determination as to the propriety of a class action as a ruling on this question is inappropriate at this time. *Kredietbank N.V. v. Joyce Morris, Inc*, Civ. A. No. 84-1903, 1985 WL 25625, at *13 (D.N.J. Oct. 11, 1985) ("Although Rule 23(c)(1) provides that the determination of class certification must be made 'as soon as practicable,' the rule does not require the district court to rule before the potential complexities of the case have been fully aired.").